**KOLLER LAW LLC**
David M. Koller, Esq. (90119)
Jordan D. Santo, Esq. (320573)                    *Counsel for Plaintiff*
2043 Locust Street, Suite 1B
Philadelphia, PA 19103
T: (215) 545-8917
F: (215) 575-0826
davidk@kollerlawfirm.com
jordans@kollerlawfirm.com

### IN THE UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| RACHAEL WILLIAMS-COOPER,<br>      Plaintiff, | : | Civil Action No. |
| | : | |
| v. | : | **Complaint and Jury Demand** |
| | : | |
| DOUGLAS COLLINS, SECRETARY<br>DEPARTMENT OF VETERANS<br>AFFAIRS,<br>      Defendant. | : | |

### CIVIL ACTION

Plaintiff, Rachael Williams-Cooper (hereinafter "Plaintiff"), by and through her attorney, Koller Law, LLC, bring this civil matter against Douglas Collins, Secretary Department of Veterans Affairs (hereinafter "Defendant"), for violations of Title VII of the Civil Rights Act of 1964, as amended ("Title VII") and the Pennsylvania Human Relations Act ("PHRA"). In support thereof, Plaintiff avers as follows:

### THE PARTIES

1. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

2. Plaintiff is an adult individual residing in Philadelphia, PA.

3. Upon information and belief, Defendant Douglas Collins, Secretary Department of Veterans Affairs is the U.S. Department of Veterans Affairs with a location at 1400 Blackhorse Hl

Rd., Coatesville, PA 19320 and headquarters located at 810 Vermont Avenue, NW, Washington, D.C. 20420.

4. At all times relevant hereto, Defendant employed managers, supervisors, agents, and employees who Plaintiff alleges had the authority to make decisions concerning Plaintiff's employment. In making said decisions, these individuals engaged in the pattern and practice of discriminatory treatment, which forms the basis of Plaintiff's allegations in the instant Complaint.

5. At all times relevant hereto, Defendant employed managers, supervisors, agents, and employees who acted directly or indirectly in the interest of the employer. In so acting, these individuals engaged in the pattern and practice of discriminatory treatment, which forms the basis of Plaintiff's allegations in the instant Complaint.

## JURISDICTION AND VENUE

6. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

7. The Court may properly maintain personal jurisdiction over Defendant because the Defendant's contacts with this state and this judicial district are sufficient for the exercise of jurisdiction and comply with traditional notions of fair play and substantial justice, thus satisfying the standard set forth by the United States Supreme Court in International Shoe Co. v. Washington, 326 U.S. 310 (1945) and its progeny.

8. The Court may exercise original subject-matter jurisdiction over the instant action pursuant to 28 U.S.C. §§ 1331 and 1343(a)(4) because it arises under the laws of the United States and seeks redress for violations of federal law.

9. The Court may also maintain supplemental jurisdiction over state law claims set forth herein pursuant to 28 U.S.C. § 1367(a) and Rule 18(a) of the Federal Rules of Civil Procedure

2

because they are sufficiently related to one or more claims within the Court's original jurisdiction that they form part of the same case or controversy.

10. Venue is properly laid in the Eastern District of Pennsylvania pursuant to 28 U.S.C. §§ 1391(b)(1) and 1391(b)(2) because Plaintiff is domiciled in this judicial district, the Defendant is located in this judicial district and because all of the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

11. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

12. Plaintiff exhausted her administrative remedies under Title VII and PHRA.

13. Plaintiff filed a formal complaint of race discrimination and retaliation on or about February 26, 2024.

14. The Agency acknowledged receipt of Plaintiff's formal complaint on June 17, 2024 and assigned it Case No. 200H-542-2024-156916.

15. The complaint was assigned an EEOC Charge Number 530-2025-00091X and was dual filed with the Pennsylvania Human Relations Commission ("PHRC").

16. On February 2, 2026, the Agency issued a Final Order/Decision with a notice of Plaintiff's right to file an appeal the final action to the EEOC within thirty (30) days.

17. The EEOC issued Plaintiff a Dismissal and Notice of Rights ("Right to Sue") relative to the Charge and that Notice is dated February 11, 2026.

18. Prior to the filing of this action, Plaintiff notified the EEOC of her intent to proceed with a lawsuit in federal court.

19. Plaintiff files the instant Complaint within ninety (90) days of her receipt of her Right to Sue in this matter, as it relates to her federal law claims, and within two (2) years of the issuance of the Right to Sue in this matter as it relates to her PHRA claims.

20. Plaintiff has exhausted her administrative remedies as to the allegations of this Complaint.

## MATERIAL FACTS

## PLAINTIFF'S EMPLOYMENT HISTORY

21. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

22. Plaintiff is African American.

23. In or around 2013, Defendant hired Plaintiff in the position of Staff Nuse.

24. Plaintiff was well qualified for her position and performed well.

25. In or around 2015, Defendant promoted Plaintiff to the position of Nurse Manager.

26. Plaintiff was well qualified for her position and performed well.

## DEFENDANT DID NOT ISSUE PLAINTIFF AN ANNUAL PERFORMANCE EVALUATION WHICH CAUSED HER TO BE OVERLOOKED FOR POTENTIAL PROMOTIONS

27. In the Pennsylvania Veterans Affairs system, there is a policy in place for employees in the Nursing Department to have annual evaluations.

28. In these annual evaluations, Nurses are considered for potential promotions.

29. Despite this policy, Defendant failed to give Plaintiff an annual evaluation for at least five (5) years in a row, since her promotion from Staff Nurse to Nurse Manager in 2015.

30. As a result, Defendant overlooked Plaintiff for any potential promotions within the Nursing Department.

## PLAINTIFF'S CAUCACSIAN AND ASIAN COUNTERPARTS WERE GIVEN ANNUAL PERFORMANCE EVALUATION, REGULARLY PROMOTED AND PAID MORE THAN PLAINTIFF

31. Plaintiff's Caucasian and Asian counterparts were given annual evaluations and were regularly promoted to higher Nursing levels, as per Defendant's policy.

32. Because of this, Plaintiff supervises other Caucasian and Asian Nurses in the department, but these subordinate Nurses get paid a higher salary than Plaintiff.

## PLAINTIFF WAS TRANSFERRED AND MADE A COMPLAINT OF RACE DISCRIMINATION PRIOR TO HER TRANSFER

33. In or around June 2022, Plaintiff was transferred from Defendant's Philadelphia location to Defendant's Coatesville location.

34. Just prior to her transfer, Plaintiff filed a complaint in Defendant's Philadelphia location.

35. In her complaint, Plaintiff claimed that Defendant treated its African American nursing staff in a disparate manner.

36. Specifically, Plaintiff stated that Defendant refused to hire African American Nurse Practitioners.

37. Defendant even hired a poorly rated Caucasian Nurse Practitioner over internal African American Nurses that have exemplary ratings.

38. This complaint was ultimately ignored by Defendant's management.

## DEFENDANT IGNORED PLAINTIFF'S REQUEST FOR A SCHEDULE CHANGE

39. As a result of her transfer to Defendant's Coatesville location, Plaintiff began reporting to Renee Williams (African American), Associate Chief Nurse Community Care, and Malisa Fritz (Caucasian), Associate Chief Nurse Patient Care Services.

40. In or around February 2023, Plaintiff requested to change her duty hours to a more desirable shift given her tenure at Defendant.

5

41. Fritz entirely ignored this change of hours request and refused to discuss it further with Plaintiff.

### DEFENDANT DENIED PLAINTIFF'S PROMOTION TO NURSE 3 LEVEL

42. In or around early 2023, Fritz put Plaintiff on the promotion board to receive a potential promotion at Defendant for the first time in eight (8) years.

43. However, on or around March 7, 2023, Williams denied Plaintiff's promotion to the Nurse 3 level.

44. Williams claimed that this decision was based on Defendant's decision to use Staff Nursing metrics and not Nurse Manager metrics, essentially disqualifying Plaintiff for being considered for the promotion.

45. As a result, Plaintiff was denied the opportunity to receive a pay increase which comes with a higher nursing level.

### PLAINTIFF APPEALED THE DENIAL OF HER PROMOTION, BUT DEFENDANT DENIED HER APPEAL

46. Plaintiff appealed her promotion denial.

47. Again, Williams denied the promotion.

48. On appeal, Williams stated that the reason for denial was that Plaintiff did not meet the education requirements for the Nurse 3 level.

49. This alleged requirement had never been mentioned to Plaintiff prior.

50. Importantly, Defendant has an education requirement waiving due to more than ten (10) years of experience granted by the Office of Nursing Services on appeal.

## PLAINTIFF'S CAUCASIAN AND ASIAN COUNTERPARTS WERE PROMOTED DESPITE HAVING LESS EXPERIENCE AND CONTRIBUTION TO DEFENDANT

51. Plaintiff's Caucasian and Asian counterparts, with far less experience and contribution to Defendant, received Nurse 3 level promotions.

## PLAINTIFF COMPLAINED ABOUT THE DENIAL OF HER PROMOTION

52. Plaintiff complained in person to Fritz about her promotion denial being based on her race.

53. Fritz agreed that Plaintiff should have been promoted.

## DEFENDANT REMOVED MENTORSHIP FROM PLAINTIFF, BUT CONTINUED TO GIVE IT TO PLAINTIFF'S CAUCACSIAN AND ASIAN COUNTERPARTS

54. On or around March 30, 2023, Fritz informed Plaintiff that she would no longer receive mentorship in her role as Nurse Manager.

55. Plaintiff's Caucasian and Asian counterparts continued to receive mentorship in their roles.

## DEFENDANT REFUSED TO GIVE PLAINTIFF A PERFORMANCE EVALUATION, BUT ISSUED IT TO HER NON-AFRICAN AMERICAN COWORKERS

56. On or around January 8, 2024, Defendant refused to give Plaintiff a performance evaluation, as she should have been given at the start of the new year.

57. Plaintiff's Caucasian and Asian counterparts received annual performance reviews per Defendant's policies.

## PLAINTIFF REQUESTED A SCHEDULE CHANGE, BUT DEFENDANT DENIED IT

58. On or around January 19, 2024, Plaintiff requested to change her duty hours to a more desirable shift for a second time, given her tenure at Defendant.

59. Fritz and Williams flatly denied this request, with no further explanation.

### PLAINTIFF FILED AN EEO COMPLAINT AGAINST DEFENDANT

60. Plaintiff filed an official EEO Complaint internally with Defendant alleging the above harassment, pay differential, and race discrimination on or around February 26, 2024.

61. On or around June 17, 2024, Plaintiff received a formal answer regarding her complaint from James Jindra, District Manager.

62. Plaintiff's claims were partially accepted.

63. The claims that were not accepted were solely denied because they were time barred per Defendant's EEO policies.

64. Even these claims, however, were noted to be "sufficiently related to the overall pattern of harassment."

65. On July 21, 2025, Defendant submitted its Motion for Summary Judgment to the EEOC.

66. On August 4, 2025, Plaintiff submitted her Response to Defendant's Motion for Summary Judgment to the EEOC.

67. On August 7, 2025, Defendant submitted its Reply to Plaintiff's Response to Defendant's Motion for Summary Judgment to the EEOC.

68. On February 2, 2026, the EEOC issued its decision and order granting Defendant's Motion for Summary Judgement.

### DEFENDANT CONTINUES TO SUBJECT PLAINTIFF TO A PAY DIFFERENTIAL

69. Defendant has continued to subject Plaintiff to harassment and a pay differential compared with her non-African American coworkers.

70. Defendant discriminated against Plaintiff due to her race, subjected Plaintiff to a pay differential and retaliated against Plaintiff for complaining of race discrimination in violation of Title VII and the PHRA.

8

71. Defendant's acts and/or omissions were willful or performed with reckless disregard to Plaintiff's federal statutorily protected rights.

**COUNT I – RACE DISCRIMINATION**
**TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, AS AMENDED**

72. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

73. Plaintiff is a member of protected classes in that she is African American.

74. Plaintiff was qualified to perform the job for which she was hired.

75. Plaintiff suffered adverse job actions, including, but not limited to harassment and pay differential.

76. Similarly situated people outside of Plaintiff's protected class were treated more favorably than Plaintiff.

77. Circumstances exist related to the above cited adverse employment actions that give rise to an inference of discrimination.

78. Defendant discriminated against Plaintiff on the basis of her protected class.

79. No legitimate, non-discriminatory reasons exist for the above cited adverse employment actions that Plaintiff suffered.

80. The reasons cited by Defendant for the above cited adverse employment actions that Plaintiff suffered are pretext for discrimination.

81. Defendant's conduct was willful or performed with reckless disregard to her federal statutory rights.

**WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra*.

9

## COUNT II – DISCRIMINATION BASED ON RACE
## PENNSYLVANIA HUMAN RELATIONS ACT

82. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

83. The foregoing conduct by Defendant constitutes unlawful discrimination against Plaintiff on the basis of her protected class (African American).

84. As a result of Defendant's unlawful discrimination, Plaintiff has suffered damages as set forth herein.

   **WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra*.

## COUNT III – RETALIATION
## TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, AS AMENDED

85. Plaintiff incorporates by reference each allegation contained in the preceding paragraphs as if the same were set forth more fully at length herein.

86. Plaintiff engaged in activity protected by Title VII.

87. Thereafter, Defendant took adverse employment actions against Plaintiff, including, but not limited to, harassment and pay differential.

88. There exists a causal connection between Plaintiff's participation in the protected activity and the adverse employment action.

   **WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra.*

## COUNT IV – RETALIATION
## PENNSYLVANIA HUMAN RELATIONS ACT

89. Plaintiff incorporates by reference each allegation contained in the preceding paragraphs as if the same were set forth more fully at length herein.

90. Plaintiff engaged in activity protected by the PHRA.

91. Thereafter, Defendant took adverse employment actions against Plaintiff, including, but not limited to, harassment and pay differential.

92. There exists a causal connection between Plaintiff's participation in the protected activity and the adverse employment action.

**WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra.*

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, Rachael Williams-Cooper, requests that the Court grant her the following relief against Defendant:

(a) Compensatory damages;

(b) Punitive damages;

(c) Liquidated damages;

(d) Emotional pain and suffering;

(e) Reasonable attorneys' fees;

(f) Recoverable costs;

(g) Pre and post judgment interest;

(h) An allowance to compensate for negative tax consequences;

(i) A permanent injunction enjoining Defendant, its directors, officers, employees, agents, successors, heirs and assigns, and all persons in active concert or participation with it, from engaging in, ratifying, or refusing to correct, employment practices which discriminate in violation of Title VII and the PHRA.

(j) Order Defendant to institute and implement, and for its employees, to attend and/or otherwise participate in, training programs, policies, practices and programs which provide equal employment opportunities;

(k) Order Defendant to remove and expunge, or to cause to be removed and expunged, all negative, discriminatory, and/or defamatory memoranda and documentation from Plaintiff's record of employment, including, but not limited, the pre-textual

reasons cited for its adverse actions, disciplines, and termination; and

(l)    Awarding extraordinary, equitable and/or injunctive relief as permitted by law, equity and the federal statutory provisions sued hereunder, pursuant to Rules 64 and 65 of the Federal Rules of Civil Procedure.

## JURY TRIAL DEMAND

Demand is hereby made for a trial by jury as to all issues.

## CERTIFICATION

I hereby certify that to the best of my knowledge and belief the above matter in controversy is not the subject of any other action pending in any court or of a pending arbitration proceeding, nor at the present time is any other action or arbitration proceeding contemplated.

RESPECTFULLY SUBMITTED,

KOLLER LAW, LLC

Date: May 12, 2026                    By:    */s/David M. Koller*
                                      David M. Koller, Esquire
                                      Jordan D. Santo, Esquire
                                      2043 Locust Street, Suite 1B
                                      Philadelphia, PA 19103
                                      215-545-8917
                                      davidk@kollerlawfirm.com
                                      jordans@kollerlawfirm.com

                                      *Counsel for Plaintiff*